IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JERMAINE KENYATTA COLEMAN**                                                 **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:14-cv-135-MTP**

**ROLAND ARNOLD**                                                         **DEFENDANT**

## OPINION AND ORDER

THIS MATTER is before the Court on Defendant Roland Arnold's Motion for Summary Judgment [33]. Having considered the parties submissions, the record, and the applicable law, the Court find that the Motion [33] should be granted and this action should be dismissed.

### BACKGROUND

On August 22, 2014, Plaintiff Jermaine Kenyatta Coleman, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff allegations arise from events which took place during his arrest in Lamar County, Mississippi. In his complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff asserts a claim against Defendant Roland Arnold, a narcotics officer for the Lamar County Sheriff's Department, for the use of excessive force during his arrest.

According to Plaintiff, on May 28, 2014, he and two other individuals were traveling in a vehicle when Lamar County sheriff's deputies pulled them over. Defendant Arnold allegedly instructed the three individuals to exit the vehicle and instructed Plaintiff to lie face down. After Plaintiff was face down on the ground, Defendant Arnold allegedly placed his knee on the back of Plaintiff's neck and placed handcuffs on him. According to Plaintiff, he began to "wiggle"

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

and move because Arnold's knee was hurting his neck.  At that point, Arnold allegedly struck Plaintiff in the left side of his jaw, breaking three of his teeth.

According to Plaintiff, he possessed marijuana during this incident, and he was arrested.[2] Plaintiff alleges that he was sent to a dentist one to two months after his arrest, and the dentist pulled the three broken teeth.

As relief, Plaintiff seeks monetary damages and seeks to have Defendant Arnold terminated from the Lamar County Sheriff's Department.  Defendant Arnold moved for summary judgment, arguing that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that he is entitled to qualified immunity.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075.

---

[2] On January 6, 2015, pursuant to his guilty pleas, Plaintiff was convicted of disorderly conduct and possession of marijuana.

## ANALYSIS

Plaintiff alleges that Defendant used excessive force against him. The Fourth Amendment protect individuals from excessive force during an arrest or other seizure. *Graham v. Conner*, 490 U.S. 386, 395 (1989). To prevail on a claim of excessive force, a plaintiff must demonstrate that the use of force was not "applied in a good-faith effort to maintain or restore discipline," but instead, was used "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Defendant moved for summary judgment on the grounds that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claim. In *Heck*, the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a Section 1983 claim challenging the constitutionality of his conviction unless the conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. The purpose of this rule is to avoid collateral attacks on convictions that are "still pending." *Hudson v. Hughes*, 98 F.3d 868, 872 (quoting *Heck*, 512 U.S. at 487.)

A Section 1983 claim is barred when a judgment for the plaintiff would "necessarily imply" the invalidity of a conviction. *Heck*, 512 U.S. at 487. The determination of whether excessive force claims brought under Section 1983 are barred by *Heck* is an "analytical and fact-intensive" process, which requires courts "to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Thus, *Heck* does not bar all excessive force claims where the plaintiff is convicted of a crime such as resisting arrest or disorderly conduct. The civil claim should not be barred "if

3

the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Id*. at 498.  "[I]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.[3]

Plaintiff was convicted of disorderly conduct and possession of marijuana as a result of his May 28, 2014, arrest. *See* Orders of Conviction [33-7].  Pursuant to Mississippi Code Annotated § 97-35-7, "[w]hoever, with intent to provoke a breach of the peace, or under such circumstances as may lead to a breach of the peace, or which may cause or occasion a breach of the peace, fails or refuses to promptly comply with or obey a request, command, or order of a law enforcement officer . . . shall be guilty of disorderly conduct."  Plaintiff's conviction has not been reversed, expunged, declared invalid, or otherwise called into question in a habeas proceeding.  Therefore, Plaintiff's claim may be considered only if the Court determines that a ruling in his favor will not necessarily imply the invalidity of his disorderly conduct conviction.  The Court must determine "whether the *allegations* in the . . . civil case are consistent with the prior criminal conviction." *Jenkins*, 899 F. Supp. 2d at 536.

Plaintiff's allegations are inconsistent with his prior conviction.  In this action, Plaintiff does not allege that Defendant used excessive force *after* Plaintiff stopped his disorderly conduct or that Defendant used excessive force in order to secure Plaintiff's compliance with an order.

---

[3] "There seems to be universal agreement, for example, that a plaintiff who concedes that he resisted arrest but nevertheless contends that excessive force was used against him would not find his Forth Amendment claim barred by *Heck*.  In such a case, the plaintiff would not be challenging the foundation of his prior conviction, and the *Heck* analysis would simply not apply." *Jenkins v. Town of Vardaman*, 899 F. Supp. 2d 526, 536 (N.D. Miss. 2012).

Instead, Plaintiff alleges that, while he was in full compliance with the *only* orders given by Defendant (to exit the vehicle and lie face down), Defendant placed his knee in the back of Plaintiff's neck, and when the pain caused Plaintiff to move, Defendant struck him in the face.[4] According to Plaintiff's allegations, he did not refuse to comply with an officer's order or otherwise act disorderly. Plaintiff's testimony or position is that his actions were not criminal and should not have necessitated the use of any force.

Because Plaintiff is proceeding with a Fourth Amendment claim under allegations that are inconsistent with his prior criminal conviction, *Heck* serves to bar the claim. In *Walker v. Munsell*, 281 Fed. App'x. 388 (5th Cir. 2008), the Fifth Circuit stated,

> Appellant asserts that his civil rights claim can coexist with his conviction for resisting arrest, as he can show that he resisted a lawful arrest and that the officers used excessive force to effectuate that arrest. Appellant's claim, however, is not that the officers used excessive force after he stopped resisting or to stop his resistance; his claim is based solely on his assertion that he did not resist arrest, did nothing wrong, and was attacked by the Appellee officers for no reason. Thus, Appellant's suit "squarely challenges the factual determination that underlies his conviction for resisting an officer," and if he prevails, "he will have established that his criminal conviction lacks any basis."

*Id*. at 390 (quoting *Arnold v. Slaughter*, 100 Fed. App'x. 321, 324-25 (5th Cir. 2004)). "Fifth Circuit law suggests that, in choosing to seek civil recovery in spite of his prior conviction, plaintiff should have seen fit to make allegations in this lawsuit which were consistent with his prior conviction." *Jenkins*, 899 F. Supp. 2d at 537.

Plaintiff's underlying conviction and Section 1983 claim are temporally and conceptually interwoven. Plaintiff's claim challenges the facts essential to his conviction of disorderly

---

[4] Plaintiff does not allege that Defendant ordered him to stop moving prior to punching him in the face.

conduct.  Thus, a ruling in Plaintiff's favor would necessarily imply the invalidity of his conviction. *See Rogers v. Jones*, 2003 WL 21418104, at *2 (5th Cir. June 9, 2003) ("In attempting to show that the defendants acted with malice and not in good faith to restore discipline, [plaintiff] must essentially renew his defense to the disorderly conduct charge."). Accordingly, Plaintiff's claim is barred by *Heck*.[5]  Plaintiff's claim will be dismissed with prejudice to it being asserted again until the *Heck* conditions are met.[6] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).[7]

IT IS, THEREFORE, ORDERED that:

1. Defendant Roland Arnold's Motion for Summary Judgment [33] is GRANTED.

2. This action is dismissed with prejudice to it being asserted again until the *Heck* conditions are met.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED, this the 23rd day of October, 2015.

s/ Michael T. Parker
United States Magistrate Judge

---

[5] Defendant also raises the issue of qualified immunity.  Because the Court finds that this action is barred by *Heck*, it need not consider qualified immunity.

[6] To meet the *Heck* conditions, Plaintiff must demonstrate that his conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus.

[7] In *Johnson*, the Fifth Circuit stated that "[a] preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met."